ALBRITTON *v.* WILLIAMS.

(Division B. Feb. 13, 1939. Suggestion of Error Overruled March 13, 1939.)

[186 So. 324. No. 33573.]

A. T. L. Watkins, of New Augusta, and J. P. Edwards, of Mendenhall, for appellant.

Hannah, Simrall & Foote, of Hattiesburg, and H. D. Young, of New Augusta, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The question involved in this case is whether the appellee, as the vendee of certain land from the Perry County Bank, obtained title to the timber in question, and in regard to the cutting and removal of which she obtained injunctive relief in the court below against the appellant. The bank purchased the land at a foreclosure sale under a deed of trust executed in its favor by appellant. Some time prior thereto appellant had conveyed the land to one S. F. Mills, but expressly reserved from the operation of the deed "all standing green timber six inches and upwards" in diameter, with ten years in which the grantor could cut and remove the same. While Mills was the owner and in possession of the land, he and his wife borrowed the sum of $1,000 from the same bank secured by a deed of trust on the land "except the timber as reserved by L. A. Albritton in his deed to us." It was to secure this same indebtedness that the appellant, Albritton, executed his deed of trust in favor of the bank hereinbefore mentioned, since Mills had in the meantime reconveyed the land to appellant. In the deed of trust given by appellant to the bank in lieu of the Mills' deed of trust, it was stipulated that the same was "in renewal and extension of a certain deed of trust given on the aforesaid land by S. F. Mills and Frances Mills, his wife, and is a first lien on said land." The deed of trust referred to in the above quotation excepted the timber as herein-

before stated. When the appellant's deed of trust to the bank was given, the records disclosed that the D'Lo Guaranty Bank held a first lien on the timber and a second lien on the land, the timber lien being represented by a deed of trust executed by appellant, and the second lien on the land by a deed of trust executed by Mills in favor of appellant and later assigned to said bank. In this situation, appellant executed a new deed of trust to the D'Lo Guaranty Bank to secure a total indebtedness then owing by him of $1,375, on the same day of the execution of his said deed of trust to the Perry County Bank, and it was stipulated therein that the same was a second lien on the land, since the Perry County Bank held the first lien. No specific reference was made to the timber in either of these two last mentioned deeds of trust, unless it be said that the fact that appellant recited in his deed of trust to the Perry County Bank that it was "in renewal and extension of" the Mills' deed of trust in favor of said bank (which reserved the timber), amounted to a reservation of the timber on which the other bank then already held the first lien. We do not think the deed of trust in favor of the Perry County Bank, containing the above quoted provision, is sufficient on its face to convey the timber in view of the denial contained in the answer of appellant of the contention of appellee to the effect that it was the intention and understanding of the appellant and the two banks that the Perry County Bank was getting a lien on the timber and that the lien of the other bank was to be a junior lien as to both the land and timber. Appellee introduced in evidence all the conveyances hereinbefore referred to and rested her case without further proof. This was not sufficient. The issue should be determined in the light of the facts with reference to the agreement and understanding of both banks and appellant, as to the timber, at the time of the execution of the two last mentioned deeds of trust. It is averred in the answer, in response to the allegation of the bill of complaint to the

effect that the Perry County Bank was to acquire a first lien on the timber, that the said bank had both constructive and actual knowledge that the D'Lo Guaranty Bank was then holding a first lien on the timber and that appellant was without authority to supplant the same. Moreover, it was alleged in the bill and denied in the answer that appellant had already cut and removed all the timber he desired to cut at the time of the execution of these deeds of trust, and had abandoned the remainder.

For the reasons above stated, the cause will be reversed and remanded for rehearing on the proof as to the issues of fact raised by the pleadings.

Reversed and remanded.